Order accordingly.

---

## GREGORY *a.* WRIGHT.

*Supreme Court, First District; At Chambers, June,* 1860.

### PLEADING.—SHAM ANSWER.

An answer which contains a denial of any material allegation of the complaint, if verified, cannot be stricken out as sham.

In an action for goods sold, or for services, the allegation of the value thereof in the complaint is material, and a verified answer containing a denial of that allegation cannot be stricken out as sham.

Motion to strike out an answer.

BOOKES, J.—The motion is to strike out the answer as sham, under section 152 of the Code of Procedure, and no other or different relief is asked for.

It is now well settled that an answer which contains a denial of any material allegation of the complaint, if verified, cannot be stricken out as sham. The question, therefore, is whether this answer, being verified, contains a denial of any material allegation of the complaint.

The first paragraph of the answer refers to four items of the account stated in the complaint, and merely puts in issue the times when the items respectively were sold and delivered. As to these items, the issue made by the answer is entirely immaterial. This part of the answer is therefore frivolous; but by the recent decisions could not be deemed sham.

By the next paragraph of the answer, the defendant denies that certain items of the account mentioned in the complaint (specifying them in detail) were sold and delivered by the plaintiff to the defendant at the times therein set forth; or that such articles of the value therein set forth, were sold and delivered to him; or that such articles were sold and delivered to him on the terms therein set forth. The complaint avers that those items were sold and delivered at the times, of the value, and on the terms therein specified. Although the issue thus made is immaterial, as regards the times when the sales were made, still it is material as regards the value. The complaint also avers that plaintiff performed work and labor for defendant, of the kind, at the times, on the terms, at the prices, and of the value specified therein. The answer denies " that the work and labor mentioned in the complaint was ever performed, as therein stated, being of the value therein stated, or of any value whatsoever." This denial puts in issue the value of those services.

It follows, therefore, that the answer cannot be stricken out as sham. But inasmuch as the answer is inartistic, in some parts frivolous, and of doubtful integrity, the motion must be denied without costs.